FILED & JUDGMENT ENTERED
Steven T. Salata

Aug 25 2016

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_Laura T. Beyer_
Laura T. Beyer
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

In re:                              )
                                    )
**MATTHEW ROBERT HOYLE,**           )    Chapter 13
                                    )    Case No. 15-31843
                Debtor.             )
_____)

## ORDER REVOKING JEFFREY GUY WEBER'S ADMISSION TO PRACTICE LAW BEFORE THIS COURT

**THIS MATTER** is before the court on the July 15, 2016 Order to Appear and Show Cause ("Show Cause Order") and the August 1, 2016 Order Holding Jeffrey Guy Weber in Contempt of Court ("Contempt Order"). On June 28, 2016, the court held a hearing in this case on the Chapter 13 Trustee's Motion of Trustee to Dismiss Case or to Modify Plan. An attorney for the Trustee appeared at the hearing, but the Debtor's attorney, Jeffrey Guy Weber ("Weber"), did not appear. At the hearing, the attorney for the Trustee reported that she had communicated with Weber through email, that Weber was aware of the hearing, and that she did not know why he had failed to appear. The court continued the hearing to July 12. After the June 28 hearing, the court

sent a courtesy email to Weber to let him know about the continuance and to tell him that the court expected him to attend the continued hearing. Weber did not respond to the court's email. The court held the continued hearing on the Motion on July 12. The Chapter 13 Trustee appeared, but Weber did not. The Trustee reported that he had not heard from Weber, and the court dismissed this case due to the Debtor's plan payment default.

The court entered the Show Cause Order on July 15, 2016 due to Weber's failure to appear at the previous hearings. The Show Cause Order set a hearing on July 26, 2016, required Weber to appear at the hearing, and said the court would consider appropriate sanctions of Weber, including monetary penalties and suspension of his admission to practice law before this court, at the hearing. Weber did not appear at the July 26 hearing, and the attorney for the Chapter 13 Trustee said she had not heard from him. The court held Weber in contempt for his failure to appear and entered the Contempt Order. The Contempt Order allowed Weber to purge his contempt by paying $500 to the court by August 19, 2016 and appearing at a compliance hearing on August 23, 2016 and threatened to impose additional sanctions, including additional monetary penalties, suspension of Weber's admission to practice law before this court, and referral to the North Carolina State Bar if Weber did not purge

his contempt. The court held the compliance hearing on August 23. Weber did not appear at the hearing, the attorney for the Chapter 13 Trustee said she had not had any communication with Weber, and the court noted that Weber had not paid the $500 in sanctions to the court.

Weber has now failed to attend four consecutive hearings in this case, including three hearings where the court instructed him to appear and two hearings where the court ordered him to appear, and failed to purge his contempt. Weber's inability or refusal to comply with valid orders of this court shows that he is not fit to practice law before this court. Accordingly, pursuant to 11 U.S.C. § 105(a) and the court's inherent power to manage its own affairs, see Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991), the court hereby **REVOKES WEBER'S ADMISSION TO PRACTICE LAW** before this court **FOR TWO YEARS** from the date of entry of this order, **REMOVES** Weber from his position as attorney for the Debtor in this case,[1] and instructs the Chapter 13 Trustee to **PERMANENTLY DISCONTINUE DISBURSEMENT OF ATTORNEY'S FEES TO WEBER.** Weber must purge his contempt by paying $500 to the Clerk of the United States Bankruptcy Court as previously ordered prior to appearing in this court after his two-year suspension. This order will be sent to the North Carolina State Bar, the United States Bankruptcy Court for the Middle District

---

[1] The court will enter separate orders in Weber's other open cases in this district removing him from representing the debtors in those cases.

3

of North Carolina, and the United States Bankruptcy Court for the Eastern District of North Carolina for consideration of further disciplinary action.

**SO ORDERED.**

This Order has been signed                     United States Bankruptcy Court
electronically. The Judge's
signature and Court's seal
appear at the top of the Order.